UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MATTHEW COBADO,

                    Petitioner,

     -vs-

JAMES CONWAY, Superintendent,
Attica Correctional Facility,

               Respondent.

**REPORT AND RECOMMENDATION**
**No. 07-CV-0348(RJA)(VEB)**

## I.    Introduction

Petitioner Matthew Cobado ("Cobado") has filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging his conviction in New York State County Court

(Cattaraugus County) following a jury trial on three counts of first degree kidnaping, four counts

of first degree rape, one count each of second degree criminal possession of a weapon and

aggravated criminal contempt, two counts of first degree criminal contempt, and one count each

of second degree unlawful imprisonment and third degree assault. Cobado was sentenced to an

aggregate indeterminate term of imprisonment of twenty years to life.

On direct review, the Appellate Division, Fourth Department, of New York State

Supreme Court unanimously affirmed his conviction, and permission to appeal to the Court of

Appeals  was denied on May 25, 2005. *People v. Cobado*, 16 A.D.2d 1114 (App. Div.  4th Dept.),

*leave denied*, 4 N.Y.3d 885 (N.Y. 2005). While Cobado's direct appeal was pending, he filed a

*pro se* motion to vacate the judgment in Cattaraugus County Court pursuant to New York

Criminal Procedure Law 440.10 on January 27, 2005. *See* Respondent Exhibit ("Resp't Ex.") N,

O, & P. This application was denied by the trial court without a hearing on August 8, 2005. *See*

Resp't Ex. Q.  Leave to appeal was denied by the Appellate Division on April 26, 2006. *See* Resp't Ex. R. Cobado then sought leave to appeal to the New York Court of Appeals; this application was dismissed on June 5, 2006.[1] *See* Resp't Ex. S & T.

Cobado filed a *pro se* habeas Petition (Docket No. 1) in this Court on June 1, 2007. Represented by counsel, Cobado then filed an Amended Petition on June 5, 2007.[2] Counsel elaborated on two of the claims raised in the original petition and incorporated Cobado's remaining claims by reference.

Respondent filed his Answer and Memorandum of Law  in opposition to the Amended Petition, asserting the defense of untimeliness under 28 U.S.C. 2244(d). In the alternative, respondent asserts that Cobado's claims should be dismissed because they are either not cognizable on federal habeas review, without merit, or procedurally defaulted. *See* Respondent's Memorandum of Law ("Resp't Mem.") (Docket No. 14-1). Cobado has not filed a reply memorandum of law; his time to do so under the scheduling order expired has expired,[3] and he

---

[1]        However, no appeal to the New York Court of Appeals lies from an order denying a motion for leave to appeal to the Appellate Division. *People v. Williams*, 342 N.Y.S.2d 75, 76 (App. Div. 2d Dept. 1973) (citing N.Y. CRIM. PROC. LAW § 450.90(1)); *accord People v. James*, 206 A.D.2d 243, 244 (App. Div. 1st Dept. 1994); *Klein v. Harris*, 667 F.2d 274, 284 (2d Cir. 1981); *Desrosiers v. Phillips*, No. CV-05-2941 CBA JMA, 2006 WL 2092481, at *9 (E.D.N.Y. July 27, 2006).

[2]        By operation of the "prison mailbox rule," Cobado's original Petition is deemed to have been filed on the date that he signed it. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (the "prison mailbox rule" applies to *pro se* incarcerated petitioners and provides that a pleading is deemed filed on the day the petitioner hands it over to prison officials for mailing). Even though Cobado was represented by counsel at the time the Amended Petition was filed on June 5, 2007, respondent has used June 1, 2007, as the operative date of filing , having found that Amended Petition "relates back" to the original petition for purposes of Rule 15(c) of the Federal Rules of Civil Procedure. *See* Resp't Mem. at 25 n. 17. Accordingly, June 1, 2007, is the date that the Court will use in calculating timeliness of the Petition.

[3]        On September 24, 2007, the Court (Arcara, D.J.) granted respondent's motion for an extension of time to file his answer. *See* Docket No. 12. Petitioner was given thirty (30) days from his receipt of respondent's answer in which to file a reply memorandum of law. *See* Docket No. 12. Respondent's answer was filed with the Court and served electronically upon Cobado's counsel on October 15, 2007. *See* Docket No. 14. Therefore, Cobado had thirty days, or until November 14, 2007, to file a reply memorandum of law, but he has not done so.

has not sought an extension of time. Accordingly, the matter is deemed submitted and ready for decision.

For the reasons that follow, I recommend that the Amended Petition be dismissed because it is untimely and because Cobado does not qualify for equitable tolling of the statute of limitations.

## II.    Discussion

### A.    The petition is untimely under 28 U.S.C. 2244(d).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, created a new one-year statute of limitations applicable to the filing of applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In general, the one-year period runs from the date on which the petitioner's state criminal judgment becomes final. *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir.1998) (citing 28 U.S.C. § 2244(d)(1)(A)); accord *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000). A conviction is considered "final" "once 'the judgment of conviction [has been] rendered, the availability of appeal exhausted, and the time for petition for *certiorari* . . . elapsed.'" *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (quoting *Teague v. Lane*, 489 U.S. 288, 295 (1989) (citation and internal quotation marks omitted in original), citing *Clay v. United States*, 537 U.S. 522 (noting the "long-recognized, clear meaning" of "finality" in the post-conviction relief context as the time when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of *certiorari*, or when the time for filing a certiorari petition expires")).

The Appellate Division affirmed Cobado's conviction on direct appeal. The New York Court of Appeals denied permission to appeal on May 25, 2005. Cobado thereafter had ninety

(90) days in which to file a petition seeking a writ of *certiorari* in the United States Supreme Court. *McKinney*, 326 F.3d at 96 (citing Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Because Cobado did not file a petition for *certiorari* seeking review of the New York state-court decisions in the United States Supreme Court, his conviction became final on August 23, 2005, ninety (90) days after May 25, 2005, the date of the order denying his application for leave to appeal to the New York Court of Appeals. *Id.*

Cobado then had one year from that date, or until August 23, 2006, in which to timely file his federal habeas petition. *See* 28 U.S.C. 2244(d)(1)(A). Cobado's Amended Petition, deemed to have been filed on June 1, 2007, was submitted 282 days after the one-year limitations period expired on August 23, 2006.

AEDPA contains a tolling provision, however, which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *accord Smith v. McGinnis*, 208 F.3d at 16. Cobado's C.P.L. § 440.10 motion filed on January 27, 2005, is a "properly filed application" for state-court collateral review within the meaning of 2244(d)(2). However, it does not provide the 282 days of tolling needed to make Cobado's Petition timely filed.

The C.P.L. § 440.10 motion was filed on January 27, 2005, and denied on August 8, 2005, *before* Cobado's conviction became final on August 23, 2005, and the statute of limitations commenced running. As respondent observes, Section 2244(d)(2)'s tolling applies

only if a state post-conviction motion was "pending" during the one-year limitations period, which, in Cobado's case, did not begin until August 23, 2005. *Smith*, 208 F.3d at 16 (citing *Bennett v. Artuz*, 199 F.3d 116, 119 (2d Cir.1999), *aff'd*, 531 U.S. 4 (2000)). Thus, the time between the date of filing (January 27, 2005), and August 22, 2005, that the C.P.L. § 440.10 motion was pending is excluded from the statutory tolling because it occurred prior to the commencement of the one-year limitations period on August 23, 2005. *See id.*; 28 U.S.C. § 2244(d)(2). The tolling period occasioned by the pendency of the C.P.L. § 440.10 motion accordingly did not begin until August 23, 2005. *Accord Hall v. Herbert*, No. 02Civ.2299(LTS)(FM), 02Civ.2300(LTS)(FM), 2004 WL 287115, *5 (S.D.N.Y. Feb.11, 2004))("By the date that Hall's conviction became final, he had already filed his First § 440.10 Motion. Accordingly, because the AEDPA limitations period only begins to run when a conviction becomes "final," the time prior to February 16, 1997 must be excluded from the calculation of the one-year period within which Hall had to commence his habeas proceeding.); *McKinley v. Woods*, 2007 U.S. Dist. LEXIS 57621, at *4-5 (E.D.N.Y. Aug. 7, 2007) (finding that the only post-conviction motion filed by petitioner before his conviction that counted for statutory tolling purposes was the one that remained "under submission" during the one-year limitations period); *Forman v. Artuz*, 211 F. Supp.2d 415 (S.D.N.Y. 2000) (stating that the toll under Section 2244(d)(2) "would begin as soon as [petitioner's] conviction became final"), report and recommendation adopted, 2000 U.S. Dist. LEXIS 11003 (S.D.N.Y. June 14, 2000); *see also Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (stating that "if the prisoner elects not to file a petition for c*ertiorari*" the limitations period does not begin to run until the "time to seek direct review via *certiorari* has expired").

-5-

I now must determine how much time between August 23, 2005, and June 1, 2007, was tolled by the pendency of Cobado's C.P.L. § 440.10 motion. A "properly filed" application for state review is "pending", for purposes of 28 U.S.C. § 2244(d)(2), until it has achieved final review through the state's post-conviction procedures. *See Carey v. Saffold*, 536 U.S. 214, 220 (2002) ("'Th[ed] definition [of pending], applied in the present context, means that an application is pending as long as the ordinary state collateral review process is 'in continuance'– *i.e.*, 'until the completion of" that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'") (quotation omitted); *see also Hizbullahankhamon v. Walker*, 255 F.3d 65, 70-72 (2d Cir. 2001). In the case of a motion to vacate a conviction under C.P.L. § 440.10, "final resolution" is achieved once the Appellate Division denies leave to appeal the denial of the trial court's decision on the motion since under New York's procedural rules, no appeal to the Court of Appeals lies from such an order. *Klein v. Harris*, 667 F.2d at 283-84 (citing N.Y. CRIM. PROC. LAW § 450.90(1); *People v. Williams*, 342 N.Y.S.2d at 76). Thus, once the Appellate Division denies leave to appeal the trial court's denial of a Section 440.10 motion, a petitioner has reached "the end of the road within the state system" with respect to that motion. *Id.* at 284 (quotation omitted). "As a result, the limitations period under AEDPA is not tolled during the pendency of an application to the Court of Appeals for leave to appeal the Appellate Division's decision on a Section 440.10  motion." *Foster v. Phillips*, 2005 WL 2978686, at *4 (S.D.N.Y. Nov. 7, 2005) (citing *Rosario v. Bennett*, No. 01 Civ. 7142(RMB)(AJP), 2002 U.S. Dist. LEXIS 24495, at *45 (S.D.N.Y. Dec. 20, 2002) (further citations omitted in original)).

Applying these principles to Cobado's case, the statute of limitations was tolled from

August 23, 2005, until April 28, 2006, the date that his application for leave to appeal the trial

court's denial of the C.P.L. § 440.10 motion was denied by the Appellate Division. *See Foster v.*

*Phillips*, 2005 WL 2978686, at *4 (S.D.N.Y. Nov. 7, 2005) (citing *King v. Greiner*, No. 02 Civ.

5810(DLC), 2003 U.S. Dist. LEXIS 225, at *2 (S.D.N.Y. Jan. 7, 2003)); *McKinley v. Woods*,

2007 U.S. Dist. LEXIS 57621, at *4-5.  Cobado thereafter filed an application seeking leave to

appeal to the Court of Appeals even though, as noted above, there exists no right to appeal or

seek leave to appeal to the New York Court of Appeals from an Appellate Division's denial of

leave to appeal from a trial court's denial of a motion for post-conviction relief pursuant to

C.P.L. § 440.10. *See* N.Y. Crim. Proc. Law § 450.90(1); *Foster v. Phillips*, 2005 WL 2978686, at

*4 (citations omitted). Thus, as respondent correctly asserts, Cobado's application to the New

York Court of Appeals for leave to appeal the Appellate Division's denial of leave did not serve

to toll the limitations period. This is because that order was not appealable under New York law,

*see* N.Y. Crim. Proc. Law § 450.90(1), and therefore did not constitute a "properly filed

application for State post-conviction or other collateral review" within the meaning of AEDPA's

statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2). *Accord Sykes v. Hynes*, 322 F.

Supp.2d 273, 276 n.1 (E.D.N.Y. 2004) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n

application is 'properly filed' when its delivery and acceptance are in compliance with the

applicable laws and rules governing filings.")).

The toll occasioned by the pendency of Cobado's C.P.L. § 440.10 motion therefore

expired on April 28, 2006, when the Appellate Division denied leave to appeal the trial court's

denial of the motion to vacate. *Accord Olivero v. Fischer*, 2004 WL 1202934, at *1 n.1

(W.D.N.Y. 2004) ("The toll expired on May 5, 2003, when leave to appeal to the denial of the

440.10 motion was denied.") (citation omitted); *Sykes v. Hynes*, 322 F. Supp.2d at 276.  In total, as respondent notes, Cobado benefitted from 248 days of statutory tolling (August 23, 2005, until April 28, 2006). Resp't Mem. at 33.  However, this falls 34 days short of the 282 days of tolling required to make Cobado's Petition timely; as noted above, the Petition was filed on June 1, 2007, 282 days after the limitations period expired.

### B.       Petitioner is not entitled to equitable tolling of the statute of limitations.

The one-year AEDPA filing limitation is not jurisdictional and, under certain circumstances, may also be equitably tolled. *Acosta v. Artuz*, 221 F.3d 117, 119, 122 (2d Cir. 2000) (citing *Smith v. McGinnis*, 208 F.3d at 17). The petitioner bears the burden of demonstrating that (i) "extraordinary circumstances prevented him from filing his petition on time," *Smith*, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll," *id.  See also Pace v. DiGuglielmo*, 544 U.S. 408, 417-18 & 418 n.8 (2005) (assuming without deciding that equitable tolling is available under AEDPA). Equitable tolling also "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstrating that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Here, the one-year limitations period expired on August 23, 2006. Cobado did not file his habeas petition until June 1, 2007. Even if one accepts that Cobado considered his C.P.L. § 440.10 motion to be pending until the New York Court of Appeals denied his improperly filed application for leave to appeal on June 5, 2006, he has not come forward with any explanation

-8-

for why he waited 361 days before filing his habeas petition on June 1, 2007. Indeed, Cobado

had no other pending applications for state-court post-conviction relief pending during that time.

Cobado has not asserted, and I cannot find, that there were any "extraordinary circumstances"

that prevented him from complying with the statute of limitations.  Furthermore, it is apparent

that Cobado did not act with diligence during the period sought to be tolled. Under the

circumstances presented, I agree with respondent that Cobado is not entitled to equitable tolling

of the statute of limitations.

**IV.     Conclusion**

Because petitioner filed his federal habeas petition beyond AEDPA's one-year deadline,

and because he was not entitled to sufficient statutory tolling during that period, or for equitable

tolling, his federal petition is barred by the statute of limitations. Therefore, I recommend that his

petition for a writ of habeas corpus be **DENIED**. Furthermore, I  recommend that no Certificate

of Appealability should issue with respect to any of petitioner's claims because he has not made

a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

/s/ *Victor E. Bianchini*

_____
        VICTOR E. BIANCHINI
        United States Magistrate Judge

Dated:  December 10, 2007
        Buffalo, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1ˢᵗ Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

-10-

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:  Buffalo, New York
       December <u>10</u>, 2007.